UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

PAVANDEEP SINGH,

        Plaintiff,

    v.                                                                                  **MEMORANDUM AND ORDER**
                                                                                 24-CV-3562 (RPK)

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES (USCIS); ALEJANDRO
MAYORKAS, Secretary of Department of
Homeland Security; UR MENDOZA
JADDOU, Director, USCIS; JENNIFER B.
HIGGINS, USCIS Deputy Director; TED H.
KIM, Associate Director Refugee, Asylum,
and International Operations Directorate;
CONNIE NOLAN, Associate Director
Service Center Operations Directorate;
PATRICIA MENGES, Director of the New
York Asylum Office; and MATTHEW D.
EMRICH, Associate Director, Fraud
Detection and National Security Directorate,

        Defendants.

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

       Plaintiff Pavandeep Singh commenced this action seeking to compel the United States Citizenship and Immigration Services ("USCIS") to adjudicate his I-589 application for asylum and for withholding of removal. *See* Compl. ¶ 1 (Dkt. #1). Defendants have moved to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Defs.' Mem. of L. in Supp. of Mot. to Dismiss ("Defs.' Mot. to Dismiss") (Dkt. #10-1). For the reasons set forth below, defendants' motion to dismiss is granted.

1

## BACKGROUND

Plaintiff, an Indian national, illegally entered the United States in November 2017. Compl. ¶¶ 2, 23. He filed a Form I-589 Application for Asylum and for Withholding of Removal with USCIS in December 2022. *Id.* ¶ 24, Ex. A. Since that time, USCIS has not invited plaintiff for an initial interview or otherwise acted further on his application. *Id.* ¶¶ 24, 27–28.

Plaintiff's asylum application is governed by the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.* The INA directs the Attorney General to "establish a procedure for the consideration of asylum applications." *Id.* § 1158(d)(1). The INA requires the procedure to provide, "in the absence of exceptional circumstances," an initial interview within 45 days of application, and a decision to be made within 180 days of the application. *Id.* § 1158(d)(5)(A)(ii)–(iii). However, the INA also states that "[n]othing in this subsection," including the 45- and 180-day deadlines, "shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." *Id.* § 1158(d)(7).

In January 2018, USCIS began adjudicating I-589 applications on a "last in, first out" ("LIFO") basis which "seeks to prioritize the most recently filed affirmative asylum applications when scheduling affirmative asylum interviews." Compl. ¶ 27, Ex. C. Beginning in March 2024, to "permit[] some of the oldest pending applications to be completed," USCIS added a second, simultaneous interview scheduling track in which it "assigns some of its asylum officers to complete affirmative asylum applications pending in the backlog, starting with the oldest applications and working forward" (known as "first in, first out" ("FIFO")). *Id.*, Ex. C.

Plaintiff filed this lawsuit in May 2024, less than a year and a half after filing his I-589. *See* Compl. He alleges that adjudication of his application has been unreasonably delayed and

2

seeks mandamus relief under 28 U.S.C. § 1361 and injunctive relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1). *See id.* ¶¶ 31–36, 51–57. He also challenges the USCIS's LIFO scheduling system as arbitrary and capricious, in excess of statutory jurisdiction, and in violation of law under the APA, 5 U.S.C. § 706(2)(A), (C). *See id.* ¶¶ 37–50.

Defendants now move to dismiss plaintiff's complaint. *See* Defs.' Mot. to Dismiss.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint will only survive a motion to dismiss when it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When evaluating a motion to dismiss under Rule 12(b)(6), a court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff." *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022) (citation omitted). But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (citation omitted); *see Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotation marks, brackets, and citations omitted)).

## DISCUSSION

Defendant's motion to dismiss is granted. Plaintiff has not plausibly alleged claims under either the APA or the Mandamus Act.

I. APA Claims

A. **Unreasonable Delay**

Plaintiff fails to state a claim under Section 706(1) of the APA for unreasonable delay. The APA provides that "within a reasonable time, [an] agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). It also authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1). To determine whether an agency action is unreasonably delayed, courts employ the six-factor test in *Telecomms. Rsch. & Action Ctr. v. FCC* ("*TRAC*"), 750 F.2d 70, 80 (D.C. Cir. 1984); *see Nat. Res. Def. Council, Inc. v. FDA*, 710 F.3d 71, 84 (2d Cir. 2013). The *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable, it may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80 (quotation marks and citations omitted). The first factor—whether the timetable is "governed by a 'rule of reason'"—is the "most important." *In re Core Commc'ns Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008).

Applying the TRAC factors, courts in this circuit have consistently dismissed APA petitions raising claims of unreasonable delay in adjudicating I-589 applications that were pending for periods longer than the period of delay underlying this suit. *See, e.g.*, *Liu v. USCIS*, No. 23-CV-2065 (RPK), 2024 WL 4436232, at *1, *3 (E.D.N.Y. Oct. 7, 2024) (dismissing APA claim based on an asylum application pending for four years); *Zheng v. Garland*, No. 22-CV-6039 (AMD), 2024 WL 333090, at *1, *6 (E.D.N.Y. Jan. 29, 2024) (over four years); *Hu v. Sessions*, No. 18-CV-2248, 2020 WL 7486681, at *1 (five years); *Ying Yu Liu v. Wolf*, No. 19-CV-410

4

(PGG), 2020 WL 2836426, at *1 (S.D.N.Y. May 30, 2020) (four-and-a-half years); *Xu v. Cissna*, 434 F. Supp. 3d 43, 55 (S.D.N.Y. 2020) (three years); *Saleh v. Ridge*, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005) (five years).

The facts alleged in the complaint do not warrant a different outcome here.

Defendant's decision to adjudicate asylum applications on a LIFO basis constitutes a rule of reason. USCIS previously adjudicated asylum applications on a FIFO basis. But because applicants may be eligible to receive a document authorizing them to work in the United States while their application is pending, USCIS determined that "the FIFO policy led to backlogs of frivolous, fraudulent or otherwise non-meritorious asylum applications filed solely to obtain work authorization." *Liu*, 2020 WL 2836426, at *8 (quotation marks and citation omitted). The LIFO rule is aimed at reducing the incentive to file such applications by reducing the benefit that applicants may obtain from them. As other courts have concluded, this is a rule of reason. *See Duan*, 2023 WL 4687078, at *4 (collecting cases).

Turning to the second TRAC factor, this rule-of-reason determination is not undercut by the INA's timetable for asylum interviews. While the INA prescribes a 45-day deadline for extending interviews to asylum seekers, 8 U.S.C. § 1158(d)(5)(A)(ii), it also provides that the deadline-setting provision does not "create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person," *id.* § 1158(d)(7). Accordingly, courts "do[] not ascribe much significance to this timetable." *Xu*, 434 F. Supp. 3d at 53; *accord Duan*, 2023 WL 4687078 at *4.

Turning to the next three factors, plaintiff has not plausibly alleged an interest of sufficient magnitude to justify a court-ordered deviation from the agency's rule of reason. The complaint is devoid of any factual allegations regarding any specific health or welfare interests prejudiced by

5

the delay. Instead, plaintiff alleges only that he "wants to live safely and build a permanent life in the United States," but "having his claim for asylum unadjudicated makes it impossible for [him] to make long-term plans for the future and leaves him in perpetual fear that he will be forced to return to India." Compl. ¶ 25. These allegations about plaintiff's "anxiety and emotional distress" describe a situation that "could just as easily be true for every other noncitizen whose asylum application has been delayed." *De Oliveira v. Barr*, No. 19-CV-1508 (ENV), 2020 WL 1941231, at *5 (E.D.N.Y. Apr. 22, 2020) (citations omitted). The same goes for plaintiff's argument in his opposition brief that the delay is preventing him from seeing his immediate family in India, *see* Pl.'s Opp'n 1, 7, 18 (Dkt. #11-1)—even if this were properly pleaded in the complaint, it would not differentiate plaintiff from every other noncitizen "waiting for the government to act, unable to visit family abroad." *Zheng*, 2024 WL 333090, at *6 (finding plaintiff's "claim that the delayed adjudication is keeping her from seeing her elderly parents in China" insufficient).

Further, ordering the agency to place plaintiff "at the head of the queue" while "mov[ing] all others back one space," *De Oliveira*, 2020 WL 1941231, at *5 (citation omitted), could delay the adjudication of longer-pending applications that present comparable interests. Taking together the "the nature and extent of the interests prejudiced by delay" and "the effect of expediting delayed action on agency activities of a higher or competing priority," plaintiff has not set forth interests that justify compelling agency action. *See ibid.*; *Duan*, 2023 WL 4687078, at *5.

Accordingly, plaintiff's APA claim for unreasonable delay is dismissed.

B.     **Arbitrary and Capricious and In Excess of Statutory Authorization**

Plaintiff's claims under Section 706(2) of the APA fail for the same reasons as his Section 706(1) claim. Section 706(2) permits a court to "hold unlawful and set aside agency action" found to be, among other things, "arbitrary, capricious, . . . or otherwise not in accordance with law," *id.*

6

§ 706(2)(A), or "in excess of statutory jurisdiction," *id.* § 706(2)(C). Only "final agency action[s]" are reviewable under the APA. *Id.* § 704. To constitute a "final agency action," the challenged action "must mark the consummation of the agency's decisionmaking process" and "must be one by which rights or obligations have been determined or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (quotation marks and citations omitted).

Plaintiff fails to identify a final agency action to set aside. Instead, plaintiff challenges the *absence* of agency action: the missing adjudication of his asylum application. *See Arabzada v. Donis*, 725 F. Supp. 3d 1, 18–19 (D.D.C. 2024); *Celebi v. Mayorkas*, 744 F. Supp. 3d 100, 107 (D. Mass. 2024); *Mutlu v. Mayorkas*, No. 23-CV-22176 (SDW) (SDA), 2024 WL 4117329, at *2 (D.N.J. Sept. 9, 2024); *Sahan v. Mayorkas*, No. 23-CV-21147 (JXN), 2024 WL 4867008, at *3 (D.N.J. Nov. 22, 2024). Because plaintiff ultimately seeks to compel the adjudication of his asylum application, his APA claims under Section 706(2) are "substantively the same" as his claims under Section 706(1). *Sharifi v. Blinken*, 731 F. Supp. 3d 433, 439 (E.D.N.Y. 2024). They thus fail for the same reasons. *Ibid.*; *accord Arabzada*, 725 F. Supp. 3d at 18–19; *Celebi*, 744 F. Supp. 3d at 107.

## II. Mandamus Claim

Plaintiff also fails to state a claim for relief under the Mandamus Act, 28 U.S.C. § 1361. Relief under Section 1361 is "an extraordinary remedy." *Escaler v. USCIS*, 582 F.3d 288, 292 (2d Cir. 2009). "Mandamus may be awarded only if the plaintiff proves that (1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman*, 523 F.3d 119, 132–33 (2d Cir. 2008).

Plaintiff has not plausibly alleged that the INA provides him a clear right to relief to adjudication of his application within any particular time frame. "A legion of courts has held that

§ 1158(d)(7) unequivocally denies asylum applicants a private right of action to enforce the procedural requirements found in that statute." *Ngai v. Mayorkas*, No. 22-CV-5358 (LDH) (JRC), 2024 WL 1346530, at *2 (E.D.N.Y. Mar. 29, 2024) (citation omitted). "It is beyond serious dispute that mandamus pursuant to [Section] 1361 is unavailable to compel compliance with a statutory obligation when the underlying statute expressly disclaims a private right of action," as the Mandamus Act gives courts "the power to compel an officer or employee of the United States or any agency thereof to perform a duty owed *to the plaintiff*." *Zheng*, 2024 WL 333090, at *4 (brackets, quotation marks, and citation omitted).

Even if plaintiff did have a clear right to an immediate adjudication of his application, mandamus relief would still not be available because plaintiff has an adequate alternative remedy in the form of an APA claim brought under 5 U.S.C. § 706(1). *See, e.g.*, *Zheng*, 2024 WL 333090, at *5; *Xu*, 434 F. Supp. 3d at 56; *Aydemir v. Garland*, No. 22-CV-100 (PAC), 2022 WL 4085846, at *7 (S.D.N.Y. Sept. 6, 2022). This is true even though plaintiff's APA unreasonable-delay claim fails on the merits. *See, e.g.*, *Zheng*, 2024 WL 333090, at *5; *Luo v. USCIS*, No. 23-CV-1104 (HG), 2023 WL 5672041, at *3 (E.D.N.Y. Sept. 1, 2023).

Accordingly, plaintiff's mandamus claim is dismissed.

### III.   Leave to Amend

Plaintiff's request for leave to amend, *see* Pl.'s Opp'n 21, is denied. Because the barriers to relief identified above to plaintiff's APA and mandamus claims "cannot be surmounted by reframing the complaint," *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013), leave to amend is denied as futile.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted, and the complaint is dismissed without leave to amend. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

                                           /s/ Rachel Kovner
                                          RACHEL P. KOVNER
                                          United States District Judge

Dated: May 22, 2025
       Brooklyn, New York